IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **WIRELESSWERX IP, LLC,**<br>      Plaintiff, | Civil Action No. 7:25-cv-00093 |
| v. | |
| **TESLA, INC.,**<br>      Defendant. | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, WirelessWerx IP, LLC ("WirelessWerx" or "Plaintiff"), files this Original Complaint for Patent Infringement against Tesla, Inc. ("Tesla" or "Defendant"), and would respectfully show the Court as follows:

### PARTIES

1. Plaintiff is a Texas limited liability company having an address located at 5900 Balcones Dr., Suite 100, Austin, Texas 78731.

2. On information and belief, Defendant is a corporation organized under the laws of Texas that maintains a regular and established place of business at 1 Tesla Rd, Austin, Texas 78725. Defendant can be served through its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, at its place of business, or anywhere else it may be found.

3. On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

### JURISDICTION

1

4. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within this District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

6. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

7. Defendant has committed acts of infringing the Patent-in-Suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the Patent-in-Suit, including without limitation products made by practicing the claimed methods of the Patent-in-Suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

8. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing

the tort of patent infringement within Texas and this District.  This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Western District of Texas. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at 1 Tesla Rd, Austin, TX 78725, and directly and through agents regularly does, solicits, and transacts business in the Western District of Texas. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the Patent-in-Suit.  Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

9. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's online website and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the district to hire employees to be located in this District.

10. The amount in controversy exceeds $75,000 exclusive of interests and costs.

11. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference.  Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at 1 Tesla Rd, Austin, TX 78725.

## THE PATENT-IN-SUIT

12. On January 29, 2008, U.S. Patent No. 7,323,982, entitled "Method and System to Control Movable Entities" was duly and legally issued by the U.S. Patent and Trademark Office. WirelessWerx owns the '982 patent by assignment. The '982 patent relates to a novel and improved methods and systems for controlling an entity having an attached transponder in a defined geographical zone with a plurality of waypoints, each waypoint defined by a geographical coordinate and a radius originating from the geographical coordinate.[1]

13. The '982 Patent is referred to herein as the "Patent-in-Suit."

14. Plaintiff WirelessWerx is the owner of the entire right, title, and interest in and to the Patent-in-Suit. The Patent-in-Suit is presumed valid under 35 U.S.C. § 282.

## PATENT INFRINGEMENT OF THE '982 PATENT

15. Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

16. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more of claims 1-61, including without limitation at least claim 1 of the '982 Patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

17. On information and belief, Defendant has made no attempt to design around the claims of the '982 Patent.

18. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '982 Patent were invalid.

---

[1] Ex. A, U.S. Pat. No. 7,323,982 ("the '982 patent") at Abstract.

19. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

20. WirelessWerx has been damaged as the result of Defendant's infringement.

21. The claim chart attached hereto as **Exhibit B** describes how the elements of an exemplary claim 1 from the '982 Patent are infringed by the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case. Defendant maintains, operates, and administers systems, products, and services in the field of indoor mapping and control that infringes one or more of claims 1-61 of the '982 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '982 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

22. Defendant has and continues to induce infringement from at least the filing date of the lawsuit. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1-61 of the '982 patent, literally or under the doctrine of equivalents. Defendant, from at least the filing date of the lawsuit, has continued to encourage and

instruct others on how to use the products showing specific intent. Moreover, Defendant has known of the '982 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

23.    Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., instructing customers and others on the use of systems and method to wirelessly control systems through its website and product instruction manuals) such as to cause infringement of one or more of 1-61 of the '982 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '982 patent and the technology underlying it from at least the filing date of the lawsuit.[3] For clarity, direct infringement is previously alleged in this complaint. The product's and services' only reasonable use is an infringing use and there is no evidence to the contrary. The product and service is not a staple commercial product and Defendant had reason to believe that the customer's use of the product and/or service would be an infringing use. As shown on Defendant's website, Defendant offers the products and/or service with instruction or advertisement that suggests an infringing use.

24.    Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '982 patent.

## CONDITIONS PRECEDENT

25.    Plaintiff has never sold a product. Upon information and belief, Plaintiff predecessor-in-interest has never sold a product. Plaintiff is a non-practicing entity, with no

---

[2] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.
[3] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

26. Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patents-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents. Further, to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

27. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patents-in-suit and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produce a patented article.

28. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking. All settlement licenses were to end litigation

and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

29. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

30. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff WirelessWerx respectfully requests the following relief:

1. A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the Patent-in-Suit;

2. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

3. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

4. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

5. declare Defendant's pre lawsuit infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284 if Plaintiff proves that the infringement was deliberate or intentional;

6. declare Defendant's post lawsuit infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

7. a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patent-in-suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

8. such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff WirelessWerx hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**Ramey LLP**

<u>*/s/ William P. Ramey, III*</u>
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)

*Attorneys for WirelessWerx IP, LLC*